United States District Court
Southern District of Texas

**ENTERED**

July 26, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| LINDSEY BAGE, individually and as the heir of KIRK ANDREW SWARTZ, and as the representative of the estate of KIRK ANDREW SWARTZ, | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-cv-00307 |
| Plaintiff. | | |
| VS. | | |
| GALVESTON COUNTY, *et al.*, | | |
| Defendants. | | |

## ORDER AND OPINION

The Fifth Circuit recently observed:

> Judicial records belong to the American people; they are public, not private, documents. Certainly, some cases involve sensitive information that, if disclosed, could endanger lives or threaten national security. But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps.

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Although it is certainly easy for a district court to seal documents as a matter of course, such an approach runs counter to the public's right of access. "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The public's right of access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (quotation omitted). Accordingly, the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir.

2022). Indeed, district courts have been instructed to be "ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418.

With that legal backdrop in mind, I turn to the particulars of this case. Defendant Galveston County has filed a Motion for Summary Judgment. *See* Dkt. 59. A number of the exhibits referenced in that motion have been filed under seal. *See* Dkts. 60–68. Galveston County claims those documents have been filed under seal because they "have been produced as confidential pursuant to the protective order signed by the Court." Dkt. 59 at 5. What Galveston County conveniently forgets to point out is that the express language from the Protective Order states: "This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal." Dkt. 29 at 4. To date, Galveston County has not, as the Protective Order requires, filed a motion to file any documents under seal.

Defendants Dr. Garry Killyon, Boon-Chapman Benefit Administrators, Inc., Soluta, Inc., Soluta Health Inc., and Kathy White a/k/a Kathy Jean Jordan (the "Healthcare Defendants") have also filed a Motion for Summary Judgment. *See* Dkt. 58. As was the case with Galveston County, the Healthcare Defendants have gone ahead and filed voluminous documents under seal without bothering to ask the Court's permission to do so. *See* Dkts. 69–82. In reviewing the summary judgment papers, I do not see any explanation by the Healthcare Defendants as to why they are trying to keep these documents from the public's view.

Last but not least, Plaintiff Lindsey Bage ("Bage") has filed under seal 11 pages of medical records referenced in her summary judgment response. *See* Dkt. 89. Unfortunately, Bage has also failed to file a motion to seal or provide any substantive explanation for sealing such records.

"The public's right of access to judicial proceedings is fundamental." *Le*, 990 F.3d at 418. Given the judiciary's solemn duty to promote judicial transparency

and the parties' failure to provide any justification whatsoever for sealing a single document in this matter, I **ORDER** that Dkts. 60–82, and 89 be unsealed.

In the event the parties decide at some future date to file a motion to seal in this case or another case pending in the Galveston Division, I highly encourage the lawyers to carefully read the Fifth Circuit's *Le* opinion in its entirety. The Court takes the sealing of judicial records extremely seriously and will not, without good reason, keep documents shielded away from public view. To decide whether something should be sealed, I am required to undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (cleaned up). I fully expect the parties to do the same.

SIGNED on this 25th day of July 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE