United States District Court
Southern District of Texas
**ENTERED**
September 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LINDSEY BAGE, individually and as the heir of KIRK ANDREW SWARTZ, and as the representative of the estate of KIRK ANDREW SWARTZ, | § § § § § § | |
| Plaintiff. | § § | NO. 3:20-cv-00307 |
| VS. | § § | |
| GALVESTON COUNTY, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On March 23, 2021, all dispositive and non-dispositive pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(A) and (B) (*see* Dkt. 24). Judge Edison filed a memorandum and recommendation on August 12, 2022, recommending that the court: (1) grant Galveston County's motion for summary judgment (Dkt. 59) and dismiss it from the case; (2) grant the Healthcare Defendants' motion for summary judgment[1] (Dkt. 58); (3) overrule Galveston County's objections to the plaintiff's summary-judgment evidence (Dkt. 94) as moot; and (4) decline to exercise supplemental

---

[1] "Healthcare Defendants" refers to Dr. Garry Killyon, Kathy White a/k/a Kathy Jeans Jordan, Boone-Chapman Benefit Administrators, Inc., Soluta, Inc., and Soluta Health Inc.

jurisdiction over the remaining state-law claims, and remand those claims to the 405th Judicial District Court of Galveston County, Texas (Dkt. 98).

On August 26, 2022, the plaintiff filed objections to the memorandum and recommendation (Dkt. 99). In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections, the memorandum and recommendation, the pleadings, the applicable law, and the record. The court accepts Judge Edison's recommendations (Dkt. 98) and adopts them as the opinion of the court. Accordingly:

(1) Judge Edison's memorandum and recommendation (Dkt. 98) is approved and adopted in its entirety as the holding of the court;

(2) Galveston County's motion for summary judgment (Dkt. 59) is granted. All claims brought against Galveston County are dismissed, and Galveston County is dismissed from the case;

(3) The Healthcare Defendants' motion for summary judgment (Dkt. 58) is granted, and the federal constitutional claims brought against the Healthcare Defendants are dismissed;

(4) Galveston County's objections to the plaintiff's summary-judgment evidence (Dkt. 94) are overruled as moot; and

(5) The plaintiff's remaining state-law claims against the Healthcare Defendants are remanded to the 405th Judicial District Court of Galveston County, Texas.

SIGNED on Galveston Island this 9th day of September 2022.

                                                  _____
                                                  JEFFREY VINCENT BROWN
                                                  UNITED STATES DISTRICT JUDGE